■ CHARLES V. CASTALDO CONSTRUCTION CORP., Respondent, v. 926 PARK AVENUE CORP. et al., Appellants, VERNON LUMBER CORPORATION et al., Respondents.— Judgment entered July 24, 1964, determining the validity of certain mechanics' liens and the amounts due thereon, unanimously modified, on the law and on the facts, to the extent of increasing the judgment in favor of defendant-appellant Joseph S. Siegel, assignee of Elite Concrete Construction Corp., and against defendants-appellants 926 Park Avenue Corp. and Fidelity and Deposit Company of Maryland in the amount of $3,200, together with interest thereon, and, as so modified, affirmed, with $50 costs to defendant-appellant Siegel, plaintiff-respondent and defendants-respondents against defendants-appellants 926 Park Avenue Corp. and Fidelity and Deposit Company of Maryland. Defendant-appellant 926 Park Avenue Corp., having defaulted in payment of the contract obligation, is not entitled to be reimbursed for premiums on the bond to remove the lien consequent on its own default. The liability of defendant-appellant Fidelity and Deposit Company of Maryland is that of insurer of 926 Park Avenue Corp. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, McNally and Stevens, JJ.

■ In the Matter of the Final Accounting of ABRAHAM TOPKIS et al., as Executors of CELESTA N. RAUH, Deceased, Appellants. JANET PLAUT et al., Respondents.— Order, entered on December 3, 1964, granting respondent's motion to dismiss the first and second affirmative defenses contained in petitioner's reply to the amended objections, unanimously affirmed, without costs and without disbursements. The Statute of Frauds could properly be asserted as a defense if the cause of action lay in contract and if the relief sought were to enforce "a contract to bequeath property or make a testamentary provision." (General Obligations Law, § 5–701, subd. 7; formerly Personal Property Law, § 31, subd. 7.) However, we view the proceeding as one not to enforce a contract but rather as one to impress a trust upon the moneys received by the testator from her deceased husband's estate. If the objectants prove sufficient to move the court to establish a constructive trust, then the Statute of Frauds would not be a defense (*Oursler* v. *Armstrong*, 10 N Y 2d 385). If, however, they fail to establish the propriety of declaring a constructive trust, then they will have failed completely to have sustained their objections. They may not, in the circumstances, sustain their objections by proving a breach of contract. Concur — Botein, P. J., Rabin, McNally and Stevens, JJ.